# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

JON NICOLAISEN,

    Plaintiff,

vs.

RANDALL A. DREW,

    Defendant.

No. C04-2095-LRR

**ORDER**

The matter before the court is Plaintiff's Motion for Default Judgment (docket no. 9), in which Plaintiff requests the court enter a default judgment against Defendant.[1] On April 29, 2005, Plaintiff filed the instant Motion for Default Judgment. Defendant has not resisted Plaintiff's Motion. On May 14, 2005, the court ordered the Clerk of Court to enter a default against Defendant and the Clerk of Court entered a default against Defendant on that date.

The court previously ordered a hearing on the amount of damages to which Plaintiff was entitled. However, on May 27, 2005, prior to the date of the scheduled hearing, Plaintiff filed an affidavit supporting his motion for default judgment which demonstrates his claim against Defendant is for a sum certain. Therefore, a hearing is not necessary. *See* Fed. R. Civ. P. 55(b)(1) ("When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of

---

[1] Plaintiff moves the court pursuant to "§ 806.02, Stats." The court is unsure to what statute Plaintiff refers. However, the court will address Plaintiff's motion as if Plaintiff had moved pursuant to Federal Rule of Civil Procedure 55, which provides for the entry of default judgment.

the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.").

The entry of a default judgment is a matter in the trial court's discretion. *Swink v. City of Pagedale,* 810 F.2d 791, 792 (8th Cir. 1987). "There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, see, e.g., *Jackson v. Beech,* 636 F.2d 831, 835 (D.C. Cir. 1980), particularly when monetary damages sought are substantial." *Swink,* 810 F.2d at 792 n.2, citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2693, 482-85 (2d ed. 1983). The Eighth Circuit Court of Appeals consistently adheres to a strong judicial policy against default judgments. *Oberstar v. Fed. Deposit Ins. Corp.,* 987 F.2d 494, 503-04 (8th Cir. 1993) (citing *Marshall v. Boyd,* 658 F.2d 552, 554 (8th Cir. 1981), and noting that this judicial preference for adjudication on the merits "goes to the fundamental fairness of the adjudicatory process."); *United States v. Harre,* 983 F.2d 128, 130 (8th Cir. 1993) ("Default judgments are … not favored by the law."). The Eighth Circuit Court of Appeals also rejects the appropriateness of granting default judgment for "a marginal failure to comply with the time requirements." *Oberstar,* 987 F.2d at 503; *Harre,* 983 F.2d at 129-30. Furthermore, entry of judgment by default is a drastic remedy which should be used only in extreme situations. *Flaksa v. Little River Marine Constr. Co.,* 389 F.2d 885 (5th Cir. 1968); *Fed. Deposit Ins. Corp. v. Manatt,* 723 F. Supp. 99, 106 (E.D. Ark. 1989).

"Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." *Lee v. Bhd. of Maint. of Way Employees,* 139 F.R.D. 376, 381 (D. Minn. 1991) (citing 10 Wright et al., *Federal Practice and Procedure* § 2682,

at 411). In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct. *Harre,* 983 F.2d at 130 (8th Cir. 1993); *Taylor v. City of Ballwin,* 859 F.2d 1330, 1332 (8th Cir. 1988). Any doubts as to whether a party is in default should be decided in favor of the defaulting party. 10 Wright et al., *Federal Practice and Procedure* § 2681 at 402-03.

Defendant has not answered the Complaint or otherwise appeared in this case. This indicates to the court Defendant does not desire to contest the action. The court has no doubt as to whether Defendant is in default. Therefore, the court finds this one of the rare occasions on which an entry of default judgment is appropriate. Based upon Plaintiff's evidence presented by affidavit, the court finds the appropriate amount of damages is $422,500 plus court costs. Plaintiff has not demonstrated he is entitled, under Iowa law, to an award of attorneys' fees.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Motion for Default Judgment (docket no. 9) is **GRANTED**.

(2) The court awards damages to Plaintiff in the amount of $422,500 plus court costs.

(3) The hearing previously scheduled to be held at 8:30 a.m. on June 1, 2005 is **CANCELLED**.

(4) The Clerk of Court shall mail a copy of this order to Defendant.

**SO ORDERED.**

**DATED** this 31st day of May, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA